**No. 53993.**—C. J. Tower & Sons *v.* United States, protests 135113–K, etc. (Buffalo).

COLE, Judge: Entries made at the port of Buffalo, N. Y., are the subject of this litigation which was heard and submitted before a single member of this court on circuit. My views set forth in *Geo. S. Bush & Co., Inc., et al. v. United States*, 22 Cust. Ct. 158, C. D. 1175, questioning the jurisdiction of the division to decide a case somewhat similar to these proceedings, continue as the minority expression from the division. Under the practice and procedure of the court and the rules applicable thereto, much litigation before the court is dependent upon my participation in a decision of the same. Adhering, however, to my views expressed in the *Bush* case, *supra*, but for the purpose of expediting the work of the court, I am preparing this opinion and participating in the decision and the judgment accompanying the same.

The merchandise in question is invoiced as "V. Y. N. W. Resin," and was classified under paragraph 2 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 2), the pertinent part of which reads as follows: "\* \* \* allyl alcohol, crotonyl alcohol, vinyl alcohol, and all other olefin or unsaturated alcohols; homologues and polymers of all the foregoing; ethers, esters, salts and nitrogenous compounds of any of the foregoing, whether polymerized or unpolymerized; and mixtures in chief value of any one or more of the foregoing; all the foregoing not specially provided for, 6 cents per pound and 30 per centum ad valorem."

Plaintiff seeks a classification under the provision in paragraph 11 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 11) for "synthetic gums and resins not specially provided for, 4 cents per pound and 30 per centum ad valorem."

The case was submitted on two reports (plaintiff's exhibits 1 and 2) of the Government chemist who analyzed the present merchandise, which reports were part of the official papers filed with the proceedings when the case was called for trial. Both were admitted in evidence on motion by plaintiff and without objection from defendant. They present the only testimony for consideration and stand undisputed. The following, taken from the report (plaintiff's exhibit 1), describes the merchandise:

The sample is a synthetic resin made by copolymerizing vinyl chloride with a little vinyl acetate, and is in chief value of vinyl chloride.

The finding of the Government chemist that the merchandise in question is a synthetic resin is now challenged in the Government's brief because some publi-

cation on synthetic resins and some language in "The Trade Agreement Digests," published in 1946, are said to present the contrary. The volume on synthetic resins, referred to by Government counsel, is a publication not offered, or even mentioned, in these proceedings as a recognized authority. Nor is the book in the library of this court. We are unwilling to accept its conclusions. If, however, it should read—as we concede it must—in the language set forth in the Government's brief, it is entirely too late at this stage for defendant in such a manner to attempt to argue against the correctness of the Government chemist's analysis.

If we had some factual foundation for the legal propositions advanced in both briefs, we would have reason to discuss the same herein. The evidence before us, however, is clear and convincing, and was introduced without any objection thereto by the defendant. When we find, therefore, that such testimony concludes that the present merchandise is a synthetic resin in chief value of vinyl chloride, we accept it as sufficient to decide this case without further discussion.

The product in question, being a synthetic resin not specially provided for, is classifiable, on the basis of the present record, under paragraph 11, *supra*, as claimed by plaintiff.

The protests are sustained and judgment will be rendered accordingly.

### OPINION CONCURRING IN THE CONCLUSION

MOLLISON, Judge: I concur in the conclusion reached by my colleagues in this case. To my mind, the facts of the case as disclosed by the record present only a question of the relative specificity of the two provisions of the tariff law under which claim is made by the respective parties.

The merchandise was classified by the collector as a mixture in chief value of polymerized vinyl esters under the provision in paragraph 2 of the Tariff Act of 1930 for "vinyl alcohol * * * esters * * * whether polymerized or unpolymerized; and mixtures in chief value of any one or more of the foregoing; all the foregoing not specially provided for." It is claimed to be dutiable under the provision in paragraph 11 of the same act for "synthetic * * * resins not specially provided for."

The evidence of record establishes that the merchandise is embraced by both of the provisions of law just above quoted—at least, the collector's classification, which was presumptively correct, was not disproved, and the evidence affirmatively establishes that the merchandise is a synthetic resin. All are in agreement, apparently, that since both competing provisions contain the "not specially provided for" clause, it is to be disregarded in determining their relative specificity, counsel for both parties citing United States v. S. S. Perry, 25 C. C. P. A. (Customs) 282, T. D. 49395, on this point.

The tariff provision under which the collector classified the merchandise is a designation by composition, and is one of general description. On the other hand, the provision under which claim is made is a designation by name of the article, an *eo nomine* designation. There is nothing in either paragraph to indicate a legislative intent that either shall prevail over competing provisions.

The long-established rule that the designation in tariff acts of an article by its own name is more specific than a general description which embraces the same article is thus set out in the case of American Net and Twine Company v. Worthington, 141 U. S. 468, 474, 35 L. ed. 821, 824:

* * * it is a familiar rule in revenue cases that, where Congress has designated an article by a specific name and imposed a duty upon it, general terms in the same act, though sufficiently broad to comprehend such article, are not applicable to it; in other words, the article will be classified by its specific designation, rather than under a general description.

I therefore concur in the conclusion that on the record made the merchandise is properly classifiable under paragraph 11, as claimed by the plaintiff.