BEFORE THE FIRST DIVISION, DECEMBER 9, 1952

**No. 56966.**—Hardy Plastics & Chemical Corp. *v.* United States, protest 144604–K (Buffalo).

OLIVER, Chief Judge: The merchandise involved in this case is accurately described in the report of the United States Customs Laboratory, plaintiff's exhibit 1, stating that the substance is a "resin copolymer of vinyl chloride and vinyl acetate, and is a synthetic resin in chief value of vinyl chloride, unplasticized."

The collector classified the merchandise under paragraph 2 of the Tariff Act of 1930, which, so far as pertinent, provides for:

\* \* \* allyl alcohol, crotonyl alcohol, vinyl alcohol, and all other olefin or unsaturated alcohols; homologues and polymers of all the foregoing; ethers, esters, salts and nitrogenous compounds of any of the foregoing, whether polymerized or unpolymerized; and mixtures in chief value of any one or more of the foregoing; all the foregoing not specially provided for, 6 cents per pound and 30 per centum ad valorem.

To support the classification under said paragraph 2, defendant claims, as expressed by Government counsel at the time of trial, that the commodity in question is "an ester of vinyl alcohol polymerized."

Plaintiff seeks classification under the provision in paragraph 11 of the Tariff Act of 1930 for "synthetic * * * resins not specially provided for, 4 cents per pound and 30 per centum ad valorem."

Precisely the same issue as that before us was presented in *C. J. Tower & Sons* v. *United States*, 24 Cust. Ct. 359, Abstract 53993, the record in which case was incorporated herein on motion by plaintiff, no objection thereto being offered by defendant. There, the only evidence was a chemist's report, showing that the merchandise was a synthetic resin in chief value of vinyl chloride, which the court held to be sufficient to sustain plaintiff's claim under said paragraph 11.

In the present case, the incorporated record has been supplemented by oral testimony of three witnesses who appeared on behalf of defendant. This additional proof materially changes the aspect of the case from the view taken in the *Tower & Sons* case, *supra*. The combined testimony of defendant's witnesses is sufficient to establish the following facts.

The substance under consideration is a white powder, consisting of 95 per centum vinyl chloride and 5 per centum vinyl acetate. Both of the ingredients are esters of vinyl alcohol. This merchandise was produced by mixing vinyl chloride and vinyl acetate and then polymerizing (chemically interacting) the two esters. The result is a compound, a copolymer, and an ester of vinyl alcohol, polymerized; all three designations having equal application.

Characterization of the commodity in question as "an ester of vinyl alcohol polymerized" brings the merchandise within a category provided for in paragraph 2, *supra*, and as the material is concededly a synthetic resin, it is also within the class of products contemplated by paragraph 11, *supra*.

Thus, the question for determination is the relative specificity of the competing provisions. Each contains the clause "not specially provided for," so, in resolving the present issue, those statutory words may be disregarded. *United States* v. *S. S. Perry*, 25 C. C. P. A. (Customs) 282, T. D. 49395.

Defendant's testimony that there are "probably hundreds" of synthetic resins finds support through reference to different paragraphs of the tariff act containing provisions for synthetic resins in various forms and carrying different rates of duty. For example, paragraph 28 of the Tariff Act of 1930 includes a provision for synthetic resin-like products of coal-tar origin; paragraph 1539 (b) of the Tariff Act of 1930 provides for laminated products of which synthetic resin is a binding agent; and in paragraph 1554 of the Tariff Act of 1930, the articles covered thereby carry a higher rate when composed wholly or in chief value of synthetic resin.

Turning to the specific paragraphs in issue, there appears in paragraph 2, *supra*, a provision for synthetic resins of a definite chemical structure, and paragraph 11, *supra*, is the catch-all receptacle for synthetic resins that do not meet the specific condition or composition contemplated by other paragraphs.

It follows from the foregoing that the present merchandise, as an ester of vinyl alcohol, polymerized, is a particular kind or type of synthetic resin provided for in said paragraph 2, and dutiable thereunder, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.

### CONCURRING OPINION

MOLLISON, Judge: I concur in the opinion written by my colleague, but because our decision in this case represents a reversal of the position taken by us in the decision in the incorporated case I believe some further explanation is merited.

I agree with Chief Judge Oliver that the provision made in paragraph 2 for "vinyl alcohol, * * * esters * * * of any of the foregoing, * * * polymerized" would cover a polymerized double ester of vinyl alcohol, i. e., a copolymer such as is involved here, as well as a polymerized single ester of vinyl alcohol.

It is established by the record that polymers are normally considered synthetic resins, and that the copolymer here involved is a synthetic resin. It is, therefore, covered by the language of both competing paragraphs, 2 and 11. If, as is indicated by the record, the term "esters * * * of * * * [vinyl alcohol], polymerized" denotes a certain kind of synthetic resins, then that provision in paragraph 2 of the tariff act must be more specific than the provision in paragraph 11 for synthetic resins generally, as the former would, so to speak, denote the species, while the latter would denote the genus.

The fact that polymers are also synthetic resins was not brought out in the record in the incorporated case, and when the writer considered in the decision in that case the relative specificity of the two designations, he regarded the former as a general designation by composition of a class of things which would include synthetic resins as a subdivision thereunder. It now appears, by reason of the additional evidence offered at the trial, that this was an erroneous concept.